UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO.:

MICHAEL ABBOTT,

    Plaintiff,

v.

THE CITY OF CORAL GABLES, a
political subdivision of the State of Florida
Florida, ERIC PLESCOW, ALEJANDRO
PINO-PEREZ, both residents of the State
of Florida.

    Defendants.                    /

**COMPLAINT**

Plaintiff, MICHAEL ABBOTT ("Mr. Abbott"), brings this Complaint against the CITY OF CORAL GABLES ("The City") and its employees, ERIC PLESCOW ("Officer Plescow"), and ALEJANDRO PINO-PEREZ ("Officer Pino-Perez"), and alleges the following:

**THE PARTIES, JURISDICTION, AND VENUE**

At all times material to this action:

1. Mr. Abbott was a citizen of the State of Florida, and a resident of the City of Coral Gables, Florida.

2. Defendant, the City of Coral Gables, was a public entity incorporated under the laws of the State of Florida, and is responsible for establishing, organizing, operating and policing areas within the City of Coral Gables.

3. Defendant, Eric Plescow, was a resident of the State of Florida and employed as a police officer by the City of Coral Gables Police Department.

4. Defendant, Alejandro Pino-Perez, was a resident of the State of Florida and employed as a police officer by the City of Coral Gables Police Department.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  Mr. Abbott also requests that this Court exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a) because it arises out of the same operative nucleus set of facts.  Venue is proper because the events giving rise to this claim all occurred within the City of Coral Gables, Miami-Dade County, Florida.

## FACTS GIVING RISE TO THE CLAIMS

6. Michael Abbott has been a resident of the City of Coral Gables, Florida since July 2002.

7. He has owned his current home located at 1303 Ferdinand Street, Coral Gables, FL 33134, since February 2004.

8. Mr. Abbott works as an Accountant.  His wife, Zascha Abbott, is an attorney and has been a member of the Florida Bar for over 21 years.

9. The incident giving rise to the claims occurred at their Coral Gables home on Ferdinand Street on March 24, 2020.

10. On that day, Mr. Abbott was sitting inside his Toyota Tacoma listening to music.

11. His truck was parked in his driveway and the car was not running.

12. The volume of the music was not excessively loud, as evidenced by the police radio communications.

13. Additionally, the photographs from this incident show that the car doors were closed.

14. Despite this, an unidentified individual supposedly lodged a noise complaint with the City of Coral Gables.

15. As a result, Officer Plescow was dispatched to Mr. Abbott's residence.

16. Upon arrival, Officer Plescow briskly approached Mr. Abbott's vehicle in an aggressive manner, getting into Mr. Abbott's personal space.

17. Mr. Abbott reached inside his truck and turned down the music - although the music was not loud in the first place.

18. Mr. Abbott noticed that Officer Plescow was on his private property and asked Officer Plescow to leave his property.

19. Officer Plescow initially refused.

20. After Mr. Abbott's third request to retreat from his property, Officer Plescow moved off Mr. Abbott's property and onto the public sidewalk.

21. At this point, Officer Pino-Perez arrived on the scene, parking his vehicle across the street from Mr. Abbott's residence.

22. Mr. Abbott, with a previous negative experience with law enforcement in 2015, decided to document the incident on his GoPro camera, since the Coral Gables Police Department did not require its officers to wear body-worn cameras at the time.

23. As he was walking on his property towards his home, Mr. Abbott repeatedly told the officers to stay off his property.

24. Mr. Abbott then walked through a gated security fence, entered the back door of his home, where the laundry room is located, and retrieved his GoPro from the kitchen.

25. Upon retrieving his GoPro, turning it on, and approaching his back door, Mr. Abbott noticed Officer Plescow and Officer Pino-Perez positioned on the pathway that led up to his back door.

26. Mr. Abbott began filming both officers.

27. Despite having already addressed the noise complaint, Mr. Abbott was alarmed by the officers' continued presence on his property.

28. Concerned for his safety, Mr. Abbott then turned around to retrieve his cell phone from the dining room table.

29. Mr. Abbott overheard Officer Plescow telling Officer Pino-Perez that he felt "assaulted," which was just a ploy to enter Mr. Abbott's home.

30. He then heard one of the officers open the security gate to his property, which opens outward towards the street.

31. Officer Pino-Perez then stepped in front of Officer Plescow and entered through the security gate, which he had no right to do.

32. Officer Plescow entered behind Officer Pino-Perez.

33. Officer Pino-Perez and Officer Plescow then both illegally entered Mr. Abbott's home by going through the back door, which leads to the laundry room.

34. Neither officer had a warrant to enter Mr. Abbott's home, and no exception to the warrant requirement existed when they entered Mr. Abbott's home.

35. Once inside, the officers pushed Mr. Abbott against the shutters and wrestled him down to the ground.

36. Both officers punched Mr. Abbott in his face and body, causing injury to him.

37. Mr. Abbott, dazed and on the ground, pleaded with the officers to stop hitting him, which they eventually did.

38. Officer Andrew Steel arrived on the scene shortly thereafter.

39. Officer Steel ordered fire rescue to draw Mr. Abbott's blood.

40. Officer Steel told fire rescue that Mr. Abbott was being charged with driving under the influence.

41. However, the police only arrested Mr. Abbott for battery on a law enforcement officer and assault on a law enforcement officer, both of which were falsely alleged.

42. Later that night, Officer Michelle Christenson sought a search warrant to locate and confiscate the GoPro camera that Mr. Abbott used to record the incident.

43. After securing the warrant, the GoPro was impounded by Crime Scene Technician Danny Formosa.

44. Commander Rudy Gonzalez later took possession of the GoPro.

45. Nevertheless, when the GoPro was sent to the Miami-Dade Police Department's forensic evidence bureau, the memory card – a crucial piece of evidence from the camera – was missing.

46. Mr. Abbott is 100% certain that the memory card was in his GoPro camera when he recorded the police. Otherwise, there would be no reason for Mr. Abbott to grab his GroPro in the first place, nor any reason for the police to seek a warrant to confiscate it.

47. In fact, Mr. Abbott had just used the GoPro on Saturday, March 21, 2020, which is just three days before this incident.

48. Someone from the City of Coral Gables Police Department removed the memory card before sending it to the crime lab.

49. After enduring an extensive and costly legal battle, the State Attorney's Office dismissed all charges against Mr. Abbott.

50. Despite the dismissal, this incident resulted in a significant financial burden for Mr. Abbott.

51. Mr. Abbott also endured physical and mental pain and suffering, emotional distress, and mental anguish, amongst other damages.

52. This incident also damaged Mr. Abbott's reputation in the community.

**COUNT I: FOURTH AMENDMENT VIOLATION –
FALSE ARREST BY ERIC PLESCOW**

53. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

54. Mr. Abbott brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Eric Plescow.

55. Officer Plescow intentionally committed an act that violated Mr. Abbott's Fourth Amendment right not to be arrested or imprisoned without probable cause.

56. Officer Plescow's conduct caused injury to Mr. Abbott.

57. Officer Plescow was acting under color of state law as a police officer when he committed such acts.

58. No reasonable police officer could have believed that probable cause existed to arrest or imprison Mr. Abbott for a criminal offense.  Therefore, he is liable to Mr. Abbott pursuant to § 1983.

**COUNT II: FOURTH AMENDMENT VIOLATION –
FALSE ARREST BY ALEJANDRO PINO-PEREZ**

59. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

60. Mr. Abbott brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Alejandro Pino-Perez.

61. Officer Pino-Perez intentionally committed an act that violated Mr. Abbott's Fourth Amendment right not to be arrested or imprisoned without probable cause.

62. Officer Pino-Perez's conduct caused injury to Mr. Abbott.

63. Officer Pino-Perez was acting under color of state law as a police officer when he committed such acts.

64. No reasonable police officer could have believed that probable cause existed to arrest or imprison Mr. Abbott for a criminal offense. Therefore, he is liable to Mr. Abbott pursuant to § 1983.

## COUNT III: FOURTH AMENDMENT VIOLATION – EXCESSIVE FORCE BY ERIC PLESCOW

65. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

66. Mr. Abbott brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Eric Plescow.

67. Officer Plescow intentionally committed an act that violated Mr. Abbott's Fourth Amendment right to be free from excessive force during an arrest.

68. The amount of force used against Mr. Abbott by Officer Plescow and other officers was unreasonable and excessive under the circumstances.

69. Officer Plescow was acting under color of state law as a police officer when he committed such acts and is therefore liable to Mr. Abbott pursuant to § 1983.

## COUNT IV: FOURTH AMENDMENT VIOLATION – EXCESSIVE FORCE BY ALEJANDRO PINO-PEREZ

70. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

71. Mr. Abbott brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Alejandro Pino-Perez.

72. Officer Pino-Perez intentionally committed an act that violated Mr. Abbott's Fourth Amendment right to be free from excessive force during an arrest.

73. The amount of force used against Mr. Abbott by Officer Pino-Perez and other officers was unreasonable and excessive under the circumstances.

74. Officer Pino-Perez was acting under color of state law as a police officer when he committed such acts and is therefore liable to Mr. Abbott pursuant to § 1983.

### COUNT V: FOURTH AMENDMENT VIOLATION – UNLAWFUL SEARCH/ENTRY INTO HOME BY ERIC PLESCOW

75. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

76. Mr. Abbott brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Eric Plescow.

77. Officer Plescow illegally entered and searched for Mr. Abbott inside of his home without a warrant, probable cause, or exigent circumstances.

78. In conducting the search, Officer Plescow acted intentionally.

79. Officer Plescow's search for Mr. Abbott inside of his home was unreasonable under the circumstances.

80. Officer Plescow was acting under color of state law as a police officer when he committed such acts.

### COUNT VI: FOURTH AMENDMENT VIOLATION –
### UNLAWFUL SEARCH/ENTRY INTO HOME BY ALEJANDRO PINO-PEREZ

81. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

82. Mr. Abbott brings this action pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Alejandro Pino-Perez.

83. Officer Pino-Perez illegally entered and searched for Mr. Abbott inside of his home without a warrant, probable cause, or exigent circumstances.

84. In conducting the search, Officer Pino-Perez acted intentionally.

85. Officer Pino-Perez's search for Mr. Abbott inside of his home was unreasonable under the circumstances.

86. Officer Pino-Perez was acting under color of state law as a police officer when he committed such acts and is therefore liable to Mr. Abbott pursuant to § 1983.

### COUNT VII:  FIRST AMENDMENT VIOLATION –
### RETALIATION BY OFFICER ERIC PLESCOW

87. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

88. This action is brought by Mr. Abbott pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Eric Plescow.

89. Mr. Abbott had a First Amendment right to record police officers while they performed their duties.

90. Officer Plescow retaliated against Mr. Abbott for exercising that right, *i.e.* by slamming Mr. Abbott down to the ground while he was attempting to record police officers with his GoPro camera.

91. Mr. Abbott's act of recording police officers, which is protected by the First Amendment, was a motivating factor in Officer Plescow's decision to slam Mr. Abbott down to the ground and conspire with other officers to destroy the footage.

92. Officer Plescow's act of slamming Mr. Abbott down to the ground, punching Mr. Abbott in the face, and then conspiring with other officers to destroy the film would likely deter a similarly situated reasonable person from engaging in similar acts of recording police officers.

93. Officer Plescow was acting under color of state law as a police officer and is therefore liable to Mr. Abbott pursuant to § 1983.

**COUNT VIII: FIRST AMENDMENT VIOLATION –
RETALIATION BY OFFICER ALEJANDRO PINO-PEREZ**

94. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

95. This action is brought by Mr. Abbott pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Coral Gables Police Officer Alejandro Pino-Perez.

96. Mr. Abbott had a First Amendment right to record police officers while they performed their duties.

97. Officer Pino-Perez retaliated against Mr. Abbott for exercising that right, *i.e.* by slamming Mr. Abbott down to the ground while he was attempting to record police officers with his GoPro camera.

98. Mr. Abbott's act of recording police officers, which is protected by the First Amendment, was a motivating factor in Officer Pino-Perez's decision to slam Mr. Abbott down to the ground and conspire with other officers to destroy the footage.

99. Officer Pino-Perez's act of slamming Mr. Abbott down to the ground, punching Mr. Abbott in the face, and then conspiring with other officers to destroy the film would likely deter a similarly situated reasonable person from engaging in similar acts of recording police officers.

100. Officer Pino-Perez was acting under color of state law as a police officer and is therefore liable to Mr. Abbott pursuant to § 1983.

## COUNT IX: STATE LAW FALSE ARREST/IMPRISONMENT – CITY OF CORAL GABLES

101. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

102. This action is brought by Mr. Abbott for false arrest and false imprisonment under state law, pursuant to the City of Coral Gables' waiver of sovereign immunity under Florida Statute 768.28.

103. The City of Coral Gables, via Officer Plescow and Pino-Perez, intentionally restrained Mr. Abbott under circumstances that were unreasonable and unwarranted, and without legal authority, which caused harm to Mr. Abbott.

104. Specifically, Officer Plescow and Pino-Perez arrested Mr. Abbott without a warrant or probable cause to believe that a crime occurred.

105. Officers Plescow and Pino-Perez were employed as police officers with the City of Coral Gables when they arrested Mr. Abbott.

106. Accordingly, the City of Coral Gables is liable to Mr. Abbott for the injuries caused by its officers.

### COUNT X: STATE LAW UNLAWFUL SEARCH OF HOME – CITY OF CORAL GABLES

107. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

108. This action is brought by Mr. Abbott against the City of Coral Gables for violating his right against illegal searches to the home under Article I, Section 12 of the Florida Constitution, and pursuant to the City of Coral Gables' waiver of sovereign immunity under Florida Statute 768.28.

109. Officers Plescow and Pino-Perez illegally entered and searched for Mr. Abbott inside of his home without a warrant, probable cause, or exigent circumstances.

110. The officers' search for Mr. Abbott inside of his home was unreasonable under the circumstances.

111. The officers were acting under color of state law as police officers when they committed such acts.

112. The officers were employed by the City of Coral Gables, and therefore, the City of Coral Gables is liable to Mr. Abbott for the injuries caused by its officers.

### COUNT XI: STATE LAW VIOLATION RETALIATION – CITY OF CORAL GABLES

113. Mr. Abbott re-alleges the allegations contained in paragraphs 1-52 of this Complaint.

114. This action is brought by Mr. Abbott against the City of Coral Gables for violating his right to free speech under Article I, Section 4 of the Florida Constitution, and

pursuant to the City of Coral Gables' waiver of sovereign immunity under Florida Statute 768.28.

115. Mr. Abbott had a right under the Florida Constitution to record police officers while they performed their duties.

116. The City of Coral Gables, via its police officers, retaliated against Mr. Abbott for exercising that right, *i.e.* by: (1) slamming Mr. Abbott down to the ground while he was attempting to record police officers with his GoPro camera; and/or (2) by conspiring with each other to destroy Mr. Abbott's memory card in his GoPro camera, which contained a recording of his interactions with police officers who had just violated his constitutional rights.

117. Mr. Abbott's act of recording police officers while they were engaged in a constitutional violation was a motivating factor in the police officers' decision to: (1) slam Mr. Abbott down to the ground while he was recording police officers; and/or (2) conspire with each other to confiscate and/or destroy the footage.

118. The police officers' actions would likely deter a similarly situated reasonable person from engaging in similar acts of recording police officers.

119. The officers were employed by the City of Coral Gables, and therefore, the City of Coral Gables is liable to Mr. Abbott for the injuries caused by its officers.

WHEREFORE, Plaintiff, Michael Abbott, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Mr. Abbott demands a jury trial of all issues so triable as of right by a jury.

DATED: February 8, 2024.

Respectfully submitted,

Hilton Napoleon Esq., FBN 17593
237 South Dixie Hwy., 4th Floor
Coral Gables, Florida 33133
Telephone: 305-510-7106
hilton@napoleonfirm.com
hiltonnapoleoniipa@gmail.com

*Counsel for the Plaintiff, Michael Abbott*


By: /s/ *Hilton Napoleon, II*
          Hilton Napoleon, II